**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

MICHAEL THOMAS,

        Plaintiff,

vs.

FILIBERTO ARROYO, *et al.*,

        Defendants.

Case No. 2:13–cv–1743–RFB–VCF

**ORDER**

**MOTION TO SEAL (#54)**

      This matter involves Michael Thomas' employment-discrimination action against the Clark County School District Police Department, among others. Before the court is Defendants' unopposed Motion to Seal (#54).[1] For the reasons stated below, Defendants' motion is denied.

### BACKGROUND

      On March 23, 2015, Defendants filed a Motion to Dismiss and/or Motion for Summary Judgment. The motion and exhibits comprise of 158 pages. Nothing is redacted. Rather, Defendants filed all 158 pages under seal.

      On the same day, Defendants filed the instant Motion to Seal. They argue that all 158 pages of the Motion to Dismiss and/or Motion for Summary Judgment should be filed under seal because the motion "reference[s]" the exhibits and the nature of the underlying exhibits are "not a matter of public concern." (Doc. #54 at 3:20–21; 5:9).

---

[1] Parenthetical citations refer to the court's docket.

## LEGAL STANDARD

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "It is uncontested, however, that the right to inspect and copy judicial records is not absolute." *Id*. at 598.

When determining whether a document may be sealed, courts in the Ninth Circuit "treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Id.* at 1178.[2] A party seeking to seal a judicial record attached to a dispositive motion "must articulate compelling reasons." *Id*. at 1178 (internal quotation marks omitted). This is a "high threshold showing." *Id*. at 1180. In general, compelling reasons exist where court files might become a vehicle for "improper purposes." *Id*. The gratification of private spite, the promotion of public scandal, the circulation of libelous statements, and the release of trade secrets satisfy this standard; embarrassment, incrimination, or exposure to further litigation do not. *Id*.

The Ninth Circuit requires the moving party to provide "specific factual findings" to seal a judicial record attached to a dispositive motion. *Id*. This showing is akin to what to what *Iqbal* and *Twombly* require: formulaic recitations, legal conclusions, and "hypothesis or conjecture" do not suffice. *See id*. at 1179. To justifying sealing, the movant must "present articulable facts identifying the interests favoring continued secrecy." *Id*. at 1181 (citation omitted). If the party seeking to seal a judicial record attached to

---

[2] The Ninth Circuit has identified two categories of documents that are traditionally kept secret: "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Kamakana*, 447 F.3d at 1178 (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)).

a dispositive motion presents "compelling reasons" that are supported by "specific factual findings," then the court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id*. at 1179 (internal quotation marks omitted).

By contrast, a party seeking to seal a judicial record attached to a nondispositive motion must demonstrate "good cause" under Federal Rule of Civil Procedure 26(c). *Id*. Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See id*. at 1180 (citing FED. R. CIV. P. 26(c)(1)). Rule 26(c) requires the moving party to make a "particularized showing." *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1138 (9th Cir. 2003). This showing is also akin to what *Iqbal* and *Twombly* require: formulaic recitations, legal conclusions, and "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 475 (9th Cir. 1992) (citing *Cipollone v. Liggett Group, Inc*., 785 F.2d 1108, 1121 (3rd Cir. 1986)). "To justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Serrano v. Cintas Corp*., 699 F.3d 884, 901 (6th Cir. 2012) (citation omitted).

**DISCUSSION**

Defendants argue that 158 pages of judicial records included in their Motion to Dismiss should be sealed because personnel files are "confidential and not a matter of public concern" and the personnel files are "reference[d]" throughout the motion, which requires the entire motion to be filed under seal. (Doc. #54 at 3:20–21; 5:9–10).

These arguments fail as a matter of law. "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (citing *Foltz*, 331 F.3d at 1135). The Ninth Circuit has only identified two categories of documents that are

traditionally kept secret: "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Kamakana*, 447 F.3d at 1178 (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)). Defendants' contention that personnel files are automatically "confidential and not a matter of public concern" is incorrect. Because Defendants attached the personnel files to a dispositive motion, they made the personnel files a matter of public concern. As stated in *Kamakana*, "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Kamakana*, 447 F.3d at 1179.

Under certain circumstances, personnel files may be privileged. *See, e.g.*, *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990). However, the party asserting a privileged bears the burden of demonstrating that the privilege applies to the documents in question. *See Kerr v. U.S. Dist. Court for N. Dist. of California*, 511 F.2d 192, 198 (9th Cir. 1975) *aff'd*, 426 U.S. 394 (1976) (holding that personnel files are not privileged, in part, because "[n]either the Chairman of the Authority nor the Director of Corrections nor any official of these agencies asserted, in person or writing, any privilege in the district court."); *see also United States v. Martin*, 278 F.3d 988, 999–1000 (9th Cir. 2002) ("The burden is on the party asserting the privilege to establish all the elements of the privilege."). Defendants failed to show that the documents in question are privileged.

Defendants similarly failed to present "compelling reasons" that are supported by "specific factual findings" in the record. Instead, Defendants presented the court with 158 pages of documents and unsubstantiated legal conclusions and "hypothesis or conjecture," *see Kamakana*, 447 F.3d at 1179, regarding those documents. "[J]udges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits." *Nw. Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir. 1994).

Finally, the court rejects Defendants suggestion that the entire Motion to Dismiss must be sealed because it references purportedly privileged and/or confidential documents. If the court determines that the personnel files are privileged and/or confidential, Defendants may redact only those portions of the motion that contain privileged and/or confidential information. The public has a right to access and inspect all other portions of the Motion to Dismiss. *See Nixon*, 435 U.S. at 597; *Kamakana*, 447 F.3d at 1178.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' Motion to Seal (#54) is DENIED.

IT IS FURTHER ORDERED that Defendants are GRANTED LEAVE to file a renewed motion to seal by May 4, 2015.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (#55), Motion for Summary Judgment (#56), and attached exhibits are SEALED pending Defendants' renewed motion.

DATED this 20th day of April, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE